IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN W. PIEPER, | 4:18CV3018 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Plaintiff, John W. Pieper, proceeding pro se, filed his Complaint (Filing No. 1) on February 7, 2018, and subsequently was granted leave to proceed in forma pauperis (Filing No. 6). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. Summary of Complaint

Pieper currently is incarcerated at the Lincoln Correctional Center ("LCC"). He seeks to recover damages for physical injuries and mental anguish he sustained as a result of being attacked by two inmates at the Nebraska State Penitentiary ("NSP") on September 22, 2016. Pieper had been transferred from LCC to NSP on that date to participate in a Violence Reduction Program ("VRP") preparatory to seeking parole. He was attacked by two members of the Peckerwood prison gang within minutes of his arrival. Pieper alleges corrections officials had been aware for at least two years that he would be placed in danger if transferred to NSP, but they still transferred him and failed to take any precautions.

Named as defendants are the Nebraska Department of Corrections and fourteen of its officials: (1) Diane J. Sabatka-Rine, Deputy Director of Institutions; (2) Mario Peart, Former LCC Warden; (3) Cathy Sheair, Deputy Warden; (4) Paula Sparks,

Former Captain at LCC; (5) Cpl. M. Bruyette, Intel-Secretary; (6) Matt Tracy, Unit Administrator at NSP; (7) Rick Hardgreaves, Former LCC Unit Administrator; (8) Salvador Cruz, LCC Unit Manager; (9) Amanda Chadwick, LCC. Unit Manager; (10) Wayne Chandler, Behavior Health Programs Manager, LCC Mental Health; (11) Kerri Paulsen, Licensed Mental Health Practitioner; (12) Dr. Elizabeth Geiger, Psy.D. Clinical Psychologist Supervisor, NSP; (13) Brandi Logston, VRP Clinical Program Manager at Tecumseh State Prison; and (14) Matt Heckman, Former Deputy Warden.

## II. Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." [Topchian, 760 F.3d at 849](#) (internal quotation marks and citations omitted).

Liberally construing Pieper's complaint, he is suing Defendants for damages under [42 U.S.C. § 1983](#). To state a claim under that section, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. [West v. Atkins, 487 U.S. 42, 48 (1988)](#); [Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)](#).

### III. Discussion of Claims

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." [Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996)](#) (quoting [Farmer v. Brennan, 511 U.S. 825, 833 (1994)](#)). A prison official is deliberately indifferent if he "knows of and disregards" a substantial risk of serious harm to an inmate. [Farmer, 511 U.S. at 837](#). There is both an objective component and a subjective component to a claim of deliberate indifference: (1) whether a substantial risk to the inmate's safety existed, and (2) whether the officer had knowledge of the substantial risk to the inmate's safety but nevertheless disregarded it. [Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011)](#). Deliberate indifference includes something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk. [Id.](#) A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." [Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir.1997)](#).

In other words, to state a claim upon which relief may be granted, Pieper "must allege that the defendants knew he was at risk of being attacked and explain how the defendants' response to this threat of attack was unreasonable." [Deas v. Kohl, No. 8:15CV35, 2015 WL 4601523, at *5 (D. Neb. July 29, 2015)](#). "[H]e must allege facts

demonstrating how each of the defendant's actions rose to the level of 'deliberate indifference' to his health and safety." *Id.* The general responsibility for supervising the operation of a facility is not sufficient to establish personal liability. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *Thomas v. Alder*, No. 4:11CV3149, 2011 WL 5975903, at *2 (D. Neb. Nov. 29, 2011) (citing *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995)). Sovereign immunity does not bar damages claims against state officials acting in their individual capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity. *Id.*

The Nebraska Department of Corrections therefore must be dismissed as a Defendant. *See, e.g., Phillips v. Nebraska*, No. 8:17CV299, 2017 WL 5195209, at *3 (D. Neb. Nov. 9, 2017) (dismissing Nebraska Department of Corrections from action as not being subject to suit under 42 U.S.C. § 1983). Because Pieper does not specify whether he is suing the other Defendants in their official or individual capacities, this court presumes they are sued in their official capacities only and also not subject to suit for damages in a § 1983 action. *See Dortch v. City of Omaha Police Dep't*, No. 8:17CV377, 2017 WL 4990531, at *1 (D. Neb. Oct. 30, 2017) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.")); *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (requiring an "express statement" that a defendant is sued in his or her individual capacity is consistent with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

Although Pieper's Complaint will be dismissed because all named Defendants are immune from suit in federal court under the Eleventh Amendment, the court on its own motion will give Pieper an opportunity to file an Amended Complaint that states a claim upon which relief may be granted against one or more Defendants. In general, Pieper's Complaint, with its attachments, indicates there was a substantial risk to his safety at NSP and it sets out facts showing that most of the officials named as Defendants possessed at least some knowledge of that risk. The Complaint and attachments also establish that Pieper was, in fact, seriously injured as a result of the beating at NSP. However, the Complaint lacks facts showing how each Defendant recklessly disregarded what he or she knew about the risk Pieper would face if he were transferred to NSP.

Pieper has also filed a motion for issuance of summonses (Filing No. 9). That motion will be denied without prejudice. If Pieper files an Amended Complaint, and if the court determines upon initial review that the Amended Complaint states a claim upon which relief may be granted, the court will then authorize and provide for service of process.

## IV. Conclusion

Pieper cannot sue the Nebraska Department of Corrections or its employees in their official capacities for damages under 42 U.S.C. § 1983. On its own motion, the court will give Pieper 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for issuance of summonses (Filing No. 9) is denied without prejudice.

2. All claims alleged against the Nebraska Department of Corrections and other Defendants, who are deemed to be sued in their official capacities only, are dismissed without prejudice.

3. The court will not enter judgment at this time, but instead will give Plaintiff 30 days in which to file an Amended Complaint that states a claim on which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

4. The clerk of the court is directed to set the following pro se case management deadline: May 4, 2018: check for amended complaint.

DATED this 4th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge